IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWANA EDDINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-51-AMG |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Lawana Eddins ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner has filed the Administrative Record ("AR") (Doc. 6), and the parties have fully briefed the issues (Docs. 8, 14).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 9, 10). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.      **Procedural History**

Plaintiff filed an application for DIB on August 7, 2019.  (AR, at 50, 76).  The SSA denied the application initially and on reconsideration.  (*Id*. at 99, 129).  Then an administrative hearing was held on June 27, 2022, (*id*. at 45-75), at which Plaintiff amended her disability onset date to April 1, 2020, (*id*. at 50).  Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled.  (*Id*. at 23-44).  The Appeals Council subsequently denied Plaintiff's request for review.  (*Id*. at 1-7).  Thus, the ALJ's decision became the final decision of the Commissioner.  *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II.     **The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment.  20 C.F.R. § 404.1521; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a).  A plaintiff is disabled

under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### III. The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2020, the amended alleged onset date. (AR, at 28). At Step Two, the ALJ found that Plaintiff had the following severe impairments: "systemic lupus erythematosus (SLE); fibromyalgia; and degenerative disc disease of the lumbar spine (20 CFR 404.1520(c))." (*Id*. at 29). At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 32). The ALJ then determined that Plaintiff had the RFC

> to perform medium work as defined in 20 CFR 404.1567(c) except with the following additional limitations. [Plaintiff] can lift and carry, push, and pull 40 pounds occasionally and 25 pounds frequently; can frequently stoop and balance, can occasionally kneel, crawl, crouch, and climb ramps, stairs, and can never climb ladders, ropes, or scaffolds. She can frequently handle and finger and must never be exposed to unprotected heights or dangerous, unprotected machinery.

(*Id*. at 33). Then, at Step Four, the ALJ concluded that Plaintiff was able to perform her "past relevant work as a composite job of cafeteria assistant and child monitor." (*Id*. at 37). Thus, the ALJ found that Plaintiff had not been under a disability. (*Id*. at 38).

### IV. Claims Presented for Judicial Review

On appeal, Plaintiff raises one issue, that the RFC is not supported by substantial evidence because it fails to properly account for "four medical opinions that limited [Plaintiff] to light work or less than light work" as well as "medical evidence document[ing] significant pain related to her physical impairments that was exacerbated by movement." (Doc. 8, at 1). In response, the Commissioner argues that "substantial

5

evidence in the form of the objective medical exam findings, Plaintiff's reported daily living activities, and her part-time work activity, support the ALJ's RFC finding," and that Plaintiff's claim "is an invitation for the Court to reweigh the evidence and reach a different conclusion, which the Court should not do on substantial evidence review." (Doc. 14, at 10). The Court agrees with the Commissioner.

**V.     The ALJ's Formulation of the RFC Is Supported By Substantial Evidence.**

At Step Four, the ALJ discussed various pieces of evidence in support of his RFC determination. (AR, at 33-37). First, the ALJ considered the testimony of Plaintiff at her hearing, that she has "pain in her knees, feet, and hips and that she cannot stand or sit for very long" and has "pain in her legs." (*Id*. at 33). He considered Plaintiff's testimony "that she can stand for 20 to 25 minutes at a time, walk for 20 to 30 minutes at a time, and sit for 20 to 25 minutes at a time;" "that she is able to bend but it causes pain;" and "that she cannot squat or crawl but that she can kneel." (*Id*.) He discussed a written functional report prepared by Plaintiff noting similar limitations but also "indicat[ing] that she had no problem performing personal care activities, could prepare simple meals, do laundry, clean bathrooms, drive, shop in stores, and go out alone," and a report prepared by Plaintiff's spouse with similar representations. (*Id*. at 34) (citing AR, at 341-48, 357-64). However, "[a]fter careful consideration of the evidence," the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [his] decision." (*Id*.)

The ALJ then extensively discussed the medical evidence beginning shortly before the amended alleged onset date of April 1, 2020, through May 2022, and contrasted Plaintiff's subjective allegations with largely mild to normal findings upon examination and x-rays and her contemporaneous employment and other physical activities. (*Id*. at 34-35). The ALJ also noted several times Plaintiff's successful use of medication to control her pain throughout this time period. (*Id*. at 34). In summary, the ALJ found:

> In evaluating [Plaintiff's] symptoms under SSR 16-3p, I find the evidence only partially supports the alleged loss of functioning. [Plaintiff] has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. As mentioned earlier, although not at substantial gainful activity levels, the record reflects work activity after the amended alleged onset date. [Plaintiff] testified that she went back to her previous job as a lunch monitor part-time from August to December 2021. Her treatment records also indicate that she stopped working in order to care for her grandchild full-time, five days per week. Although [Plaintiff] testified that she does not regularly take care of her grandchild, she has told her treatment provider that she does on multiple occasions, including recently in May 2022 (Exhibits 20F, p. 10; 28, p. 8). Additionally, although [Plaintiff] has complained of joint pain throughout the time period at issue, as mentioned above, the medical records had not shown a significant change in her reported pain level from before she stopped working full-time (Exhibit 6F, p. 22, 27, 33, 38, 44) to after the amended alleged onset date (Exhibits 6F, p. 2, 12, 17; 12F, p. 3). Furthermore, although [Plaintiff] has had some tender or swollen joints noted upon examination in some of her treatment records, her treatment provider does not indicate what specific joints are swollen or tender and [Plaintiff] has continued to have intact motor strength and reported walking for exercise throughout the evidence of record (Exhibits 6F, p. 2, 7, 10, 12; 7F, p. 15; 12F, p. 3, 6; 16F, p. 5; 20F, p. 5; 22F, p. 14; 25F, p. 5).

(*Id*. at 35-36).

The ALJ then considered the medical opinions of state agency medical consultants Mattheen Khan, M.D., and David Coffman, M.D., that Plaintiff should be limited to light work and did "not find them to be fully persuasive" as only "partially supported by the

7

medical evidence," which "documents long-standing treatment for her lupus . . . as well as some reduced motion of her spine," but "also showed [Plaintiff] to have intact motor strength, a normal gait, and to ambulate well." (*Id*. at 36). The ALJ noted that one of the treatment records referenced by the consultants "indicated that [Plaintiff] was doing projects, such as painting the interior of her house." (*Id*.) Additionally, the ALJ found the consultants' "assessments are inconsistent with the evidence as a whole, which has not shown a significant change in [Plaintiff's] conditions or abilities from before the amended alleged onset date, when she engaged in substantial gainful activity." (*Id*.) The ALJ referenced the evidence that Plaintiff worked as a part-time lunch monitor, took care of her grandchild, and walked for exercise. (*Id*.)

      The ALJ considered the disability placard form prepared by treatment provider Ana Kumar, M.D., which stated that Plaintiff "is severely limited in her ability to walk," but he found this opinion unpersuasive as "unsupported by [Dr. Kumar's] own treatment records, which indicate that [Plaintiff] has no difficulty ambulating," and "inconsistent with the evidence of record indicating that [Plaintiff] walks for exercise." (*Id*. at 37). Likewise, the ALJ found that Dr. Kumar's opinion placing "very significant" limitations on Plaintiff's ability to work was "unsupported by Dr. Kumar's own treatment records, which indicate that [Plaintiff] had no difficulty ambulating, and has had a normal gait and intact motor strength upon several examinations." (*Id*.) The ALJ also found "[t]he limitations are . . . inconsistent with the evidence as a whole," including Plaintiff's reports that she was repetitively lifting her grandchild, caring for the grandchild five days a week, and was

previously working at a job five days a week at which she was not allowed to sit down and routinely performed tasks involving fingering, feeling, and handling objects. (*Id*.)

And the ALJ considered the opinion of treatment provider Bettina Veronneau, M.D., "that she believes [Plaintiff] is capable of working at a more sedentary position," and "[did] not find it to have much persuasive value." (*Id*.) The ALJ stated that the opinion was "not entirely supported by Dr. Veronneau's own records which indicated that [Plaintiff] had reported being busy doing home projects and working in the yard." (*Id*.)  The ALJ also found the opinion "inconsistent with the evidence as a whole," which showed that Plaintiff went back to work part-time at a job that required her to stand throughout her shift and also showed that Plaintiff was repetitively lifting her grandchild. (*Id*.)

The ALJ concluded:

> Based on the foregoing, I find [Plaintiff] has the above residual functional capacity assessment, which is supported by the medical evidence and by the finding that [Plaintiff's] subjective allegations are not entirely consistent with the evidence of record as a whole. I have accounted for the full effects of the [Plaintiff's] impairments in limiting her to the above listed reduced range of medium work with the additionally included limitations.

(*Id*.)

Plaintiff's sole argument is that "[s]ubstantial evidence does not support the ALJ's conclusion that [Plaintiff] could perform a range of medium work" because "[c]onsistent with the medical records, each of the four medical opinions in the record indicated [Plaintiff] could perform a range of light work or even less exertional ability." (Doc. 8, at

9

6-7). But the ALJ appropriately analyzed these opinions[3] and found them to be unpersuasive based on the physicians' treatment records, other medical evidence of record, and the Plaintiff's employment and physical activities during the relevant time period. Likewise, the ALJ adequately supported his RFC limiting Plaintiff to a reduced range of medium work with normal to mild findings in the objective medical evidence, the evidence that medication had been successful in alleviating Plaintiff's pain, and Plaintiff's self-reported activities, like working part-time, taking care of her grandchild, painting her house, doing yard work, and walking for exercise. And the ALJ adequately explained why that evidence was inconsistent with Plaintiff's reported disabling pain.

"[E]xact correspondence between a medical opinion and the . . . RFC is not required." *Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013). Indeed, "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. The ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (brackets and internal quotation marks omitted); *see also* SSR 96-5P, 1996 WL 374183, at *5 (July 2, 1996) ("Although an adjudicator may decide to adopt all of the opinions expressed in a medical source statement, a medical source statement must not be equated with the administrative finding known as the RFC assessment.").

---

[3] The ALJ followed the regulations for analyzing medical opinions and administrative medical findings, which require the ALJ to articulate how persuasive he finds the opinion and to explain how he considered the supportability and consistency factors. *See* 20 C.F.R. §§ 404.1520c. Plaintiff does not argue otherwise.

Plaintiff now asks the Court to reconsider the evidence before the ALJ and reach a different conclusion. Plaintiff's request that the Court remand on that basis is nothing more than a request to reweigh the evidence, and this Court must decline that request. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("Concluding otherwise would require us to reweigh the evidence, a task we may not perform."). "The ALJ was entitled to resolve [] evidentiary conflicts and did so." *Id*. Indeed,

> [t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo*.

*Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal citations and quotation marks omitted). The ALJ's RFC is supported by substantial evidence.

## VI.  Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 14th day of November, 2023.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE